UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-cv-62312-KMW/AOV

EPOXYTEC INTL, INC.,
a Florida corporation,

                Plaintiff,

vs.

DEMETRIOS RAPANOS,
a/k/a DEMETRI RAPANOS
an individual,

                Defendant./

**DEFENDANT DEMETRIOS RAPANOS'**
**MOTION FOR RECONSIDERATION AND/OR CLAIRIFICATION**

Defendant DEMETRIOS RAPANOS a/k/a DEMETRI RAPANOS ("*Rapanos*"), pursuant to S.D. Fla. L.R. 7.1 files this Motion Reconsideration and/or Clarification (the "Motion") and states as follows:

**I.   PRELIMINARY STATEMENT**

On April 11, 2019 this Court entered an Order Dismissing the Case, and noted that it denied Mr. Rapanos' request to construe his Motion to Dismiss as a Motion for Summary Judgment and denied all pending motions as moot (the "Order") DE 32). However, the Order did not address Defendant Rapano's Motion for Fed. R. Civ. P. 54(d)(2)(C) Determination [DE 28] (the "Motion for Entitlement") that Mr. Rapanos was the prevailing party as to Count II of the Complaint and therefore entitled to recover his reasonable attorneys' fees (even without converting the Motion to Dismiss to a Motion for Summary Judgment). As a result of the Order, the Motion for Entitlement is now ripe and Mr. Rapanos respectfully requests the Court consider the fact that Mr. Rapanos prevailed on Count II of the Complaint and is entitled to recover his

reasonable attorneys' fees and/or in the alternative clarification. Moreover, Defendant would welcome this matter being referred to a Magistrate for consideration.

## II. MEMORANDUM OF LAW

In this District, "a motion for reconsideration may be granted based on three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sanzone v. Hartford Life and Accident Ins. Co.*, 519 F. Supp. 2d 1250, 1255 (S.D. Fla. 2007) (quoting *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D.Fla.2002)). Where, for instance, the court's order contains a "misapprehension" based on a "misreading" of or failure to consider materials submitted by the parties, the court will properly grant a motion for reconsideration under the third prong of the above test. *See, e.g.*, *Sanzone*, 519 F. Supp. 2d at 1256 (granting motion for reconsideration).

In the matter at bar, the Court appears to have denied Mr. Rapanos' Motion for Entitlement as moot based upon the Court exercising its discretion to not covert the Motion to Dismiss to a motion for summary judgement. However, under Florida law, which applies to Count II of the Complaint, Mr. Rapanos prevailed on and should be entitled to his attorneys' fees even without converting the Motion to Dismiss to one for summary judgement.

    **A.**    **Pursuant to the *Erie Doctrine* Defendant Rapanos is the *Prevailing Party* As To Count II of the Complaint and Entitled to Recover His Reasonable Attorneys' Fees Without Requiring the Court to Exercise its Broad Discretion to Convert the Motion to Dismiss to a Motion for Summary Judgement.**

As stated in the Motion for Entitlement, on the eve of being compelled to identify any trade secrets at issue, and after conceding that there is no written confidentiality agreement between Plaintiff and Rapanos and showing that, as a matter of law, there were no reasonable

measures to protect any identifiable trade secret Plaintiff voluntarily dismissed its case. Therefore, under Florida law, as applied under the Erie Doctrine, Defendant was the *prevailing party* as to Count II.

> Under . . . [the *Erie Doctrine*], when a federal court exercises . . . pendent jurisdiction over state-law claims, "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court."

*Felder v. Casey*, 487 U.S. 131, 151, 108 S. Ct. 2302, 2313 (1988).

According to the Eleventh Circuit, "a defendant is the prevailing party within the meaning of statutory provisions awarding attorney's fees to the prevailing party even when the plaintiff voluntarily dismisses the action [without prejudice]." *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801-02 (11th Cir. 2014) *citing Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006).

> Although [plaintiff] . . . dismissed its claims without prejudice . . . Florida case law makes clear that [defendant] . . . is the ***prevailing party*** as a result of . . . [the] ***voluntary dismissal***.

*Nukote Int'l, Inc. v. Office Depot, Inc.*, No. 09-82363-CIV, 2010 U.S. Dist. LEXIS 125898, at *7 (S.D. Fla. Nov. 30, 2010) (emphasis added) (rejecting magistrate's report and recommendation and awarding Defendant prevailing party attorney's fees); *See, also, Thornber v. City of Fort Walton Beach,* 568 So.2d 914, 919 (Fla. 1990) (holding that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party").

Here, Plaintiff not only voluntarily dismissed the action, but also represented to the Court that the "litigation was ended" making Defendant the prevailing party pursuant to the *Erie Doctrine* and binding Eleventh Circuit precedent. [DE 25]. Consequently, the Motion for Entitlement is *not* moot and Defendant is the prevailing party as to Count II of the Complaint

should be awarded his entitlement to his reasonable attorneys' fees.

WHEREFORE, pursuant to the *Erie Doctrine* and binding Eleventh Circuit precedent Rapanos was the prevailing party as to Count II of the Complaint and respectfully requests to be awarded entitlement to his attorneys' fees required to defend this baseless action that the Plaintiff unilaterally dismissed after failing to show any evidence to support any good faith basis for bringing its claims, or the Court should clarify why it determined that the Motion for Entitlement moot. Moreover, Defendant Rapanos welcomes having this matter referred to a Magistrate for consideration.

### S.D. Fla. L.R. 7.1(a)(3) CERTIFICATION

Undersigned counsel certifies that they conferred with Plaintiff's counsel regarding this motion as required by Local Rule 7.1(a)(3), and Plaintiff's counsel has advised that they do not consent to this motion.

Dated: April 18, 2019

Respectfully submitted,

**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 SE 2nd Street, Suite 3105
Miami, FL 33131
Telephone: (305) 567-5576
Facsimile: (305) 567-9343
By: s/*Peter A. Koziol*
Peter A. Koziol (FBN30446)
pak@assoulineberlowe.com
Eric N. Assouline (FBN106143)
ena@assoulineberlowe.com

*Attorneys for Defendant, Demetri Rapanos*